**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff/Respondent,** | § | |
| | § | |
| **v.** | § | **CR. No. C-09-473** |
| | § | **(C.A. No. C-11-2)** |
| **JAVIER MCCLAIN,** | § | |
| | § | |
| **Defendant/Movant.** | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET**
**ASIDE, OR CORRECT SENTENCE AND DENYING A**
**CERTIFICATE OF APPEALABILITY**

On January 3, 2011, the Clerk received Movant Javier McClain's (McClain) motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 51. The government filed its Motion to Dismiss and a motion for leave to file the response out of time. D.E. 65, 66. The motion for leave (D.E. 65) is GRANTED. McClain did not filed a Reply. For the reasons set forth herein, McClain's § 2255 motion (D.E. 51) is DENIED, and he is DENIED a Certificate of Appealability.

**I.  JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

**II.  FACTUAL BACKGROUND AND PROCEEDINGS**

**A.      Summary of Offense**

McClain was stopped in May 2009 at the Falfurrias, Texas Border Checkpoint. D.E. 1. While stopped, Border Patrol agents searched the tractor trailer McClain was driving and found

1

approximately 780 kilograms of marijuana hidden in a load of produce and found money in a bag in the cab of the truck. McClain was arrested. D.E. 1. He declined to speak to agents.

**B.      Criminal Proceedings**

Four days after his arrest, McClain was brought before a federal Magistrate Judge, informed of the charges against him and appointed counsel. D.E. 2, 5. After a contested hearing, McClain was granted bond. Minute Entry May 29, 2009.

The indictment issued in June 2009 charging McClain with possession with intent to distribute more than 100 kilograms of marijuana, approximately 718.1 kilograms, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A). McClain was arraigned shortly thereafter. Minute Entry June 26, 2009. On July 28, 2009, the Court held a pretrial conference at which time McClain advised that he was unhappy with his retained counsel. See D.E. 14. Deadlines were postponed to allow McClain to secure the services of other counsel and retained counsel was permitted to withdraw. D.E. 15. Two weeks later, retained counsel appeared again as counsel of record. His motion included a consent by McClain for him to do so. D.E. 16,[1] 17.

---

[1]      The consent read,

I Javier McClain after careful consideration and as evident by my signature below consent for Attorney Fabian Guerrero to represent me in the above entitled matter. At this time, I am withdrawing from this Court my statement that I am not happy with the services provided by Mr. Guerrero. I am requesting this Court reinstate Mr. Fabian Guerrero, as my Attorney of record in this matter. I request that Attorney Fabian Guerrero receive all communications from the Court or other counsel relating to my case.

Signed J McClain
August 8, 2009.

Id.

Rearraignment was held on September 28, 2009 at which time McClain pled guilty pursuant to a written plea agreement. Minute Entry 09/28/2009; D.E. 19. The plea agreement included a waiver of McClain's right to appeal and to file a § 2255 motion:

> Defendant waives his/her right to appeal both the conviction and the sentence imposed. The Defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal only (a) a sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines which had not been requested by the United States, as set forth in 18 U.S.C. § 3742(b). Additionally, the defendant is aware that 28 U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

D.E. 19 at ¶ 7 (emphasis in original). The agreement was signed by both McClain and his counsel. D.E. 15 at 5.

At rearraignment the Court confirmed that McClain had been given a copy of the indictment and he understood the charges against him. D.E. 59 at 12. McClain testified that he read the plea agreement before he signed it, discussed it with his attorney and signed it voluntarily. Id. at 13. McClain further testified that he was not offered anything, other than as stated in the terms of the plea agreement, to sign the agreement. Id. at 17.

The Court reviewed McClain's waiver of appeal and the waiver of his right to file a motion pursuant to 28 U.S.C. § 2255. McClain testified that he knew that his plea agreement included the waivers, he discussed the waivers with counsel, and understood the waivers. Id. at 16.[2]

---

[2]   THE COURT: Were you aware that you not only waived your right to directly appeal your conviction and sentence but also to collaterally attack it under 28, United States Code, Section 2255, were you aware of that? (Subject defendants answer yes.)

The Court advised McClain that the penalty range for his crime was "not less than 5 years nor more than 40," and a fine not to exceed two million dollars, and at least four years of supervised release, and a one hundred dollar special assessment. Id. at 19. McClain testified he understood. Id.

The government recited the facts, which included a net weight of 718.01 kilograms of marijuana. McClain admitted the facts were correct and then pled guilty. Id. at 30-31.

The Court ordered a Presentence Investigation Report (PSR). D.E. 20. The PSR calculated McClain's base offense level based upon 718.10 kilograms of marijuana at 30, added 2 points for use of a his special skill as a truck driver, then subtracted 2 points for Safety Valve and 3 points for acceptance of responsibility, for a total offense level of 27. D.E. 34 at ¶¶ 11-18. McClain had no criminal history. Id. at ¶ 23. The Guideline sentencing range was 70-87 months and application of safety valve allowed sentencing below the statutory minimum sentence of 5 years. Id. at ¶¶ 39-40. Counsel filed objections (D.E. 31), to which the government responded. D.E. 32. McClain objected to the points assessed for use of a special skill and to the failure to give McClain a mitigating role adjustment.

Sentencing was held in February 2010. During sentencing, the Court reviewed the objections. D.E. 63. McClain confirmed that he had been given the PSR, discussed it with counsel and agreed with the objections filed. Id. at 18. The Court heard the objection on special skill and overruled the objection based in large part on McClain's background with the Border Patrol. Id. at 20. Counsel urged minor or mitigating role, which the Court overruled. Id. at 24. McClain was sentenced to 70

---

THE COURT: Okay. Do you have any questions you
want to ask me about your waiver of appeal and its effect on
your rights in this case?
(Subject defendants answer no.)

Id.

months imprisonment, 4 years supervised release, no fine, and a special assessment of $100. Id. at 30. McClain was reminded of his waiver of his right to appeal. Id. at 32. Judgment was entered on February 23, 2010.

McClain did not appeal his sentence, but filed this timely motion pursuant to 28 U.S.C. § 2255.

### III.  MOVANT'S ALLEGATIONS

McClain brings several claims of ineffectiveness of counsel: 1) counsel failed to provide adversarial conflict, 2) his sentence is improper due to counsel's failures, and 3) his plea was unknowing. D.E. 51. In an attachment to his motion to vacate, McClain elaborated on his complaints. Id. at 18-24. As to Ground One, McClain contends that counsel failed to prepare for sentencing and complains that he should not have been assessed points for use of a special skill. As to Ground Two, McClain complains that counsel was unprepared to argue minor role at sentencing and that counsel substantially misinformed McClain what his maximum sentencing exposure would be. Ground Three explains that his plea was unknowing because counsel failed to explain his maximum sentencing exposure.

### IV.  ANALYSIS

**A.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been

raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). Furthermore, a defendant may not raise an issue for the first time on collateral review without first showing "cause" for the procedural default, and "actual prejudice" resulting from the error. United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir.1992). The "cause and prejudice standard presents a "significantly higher hurdle" than the plain error standard applied on direct appeal. United States v. Frady, 456 U.S. 152, 166 (1982). "[A] collateral challenge may not do service for an appeal." Id. at 165.

**B.      Ineffective Assistance of Counsel**

An ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was prejudicial under Strickland, the movant must demonstrate that counsel's error led to some increase in the length of his imprisonment. Glover v. United States, 531 U.S. 198, 203, 121 S.Ct. 696 (2001); United States v. Herrera, 412 F.3d 577, 581 (2005).

If the movant fails to prove one prong, it is not necessary to analyze the other.  Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th

Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

**C.     Waiver of Right to File § 2255 Motion**

McClain urges that his plea was involuntary because counsel misinformed him of his maximum sentencing exposure and makes other claims of ineffective assistance. His claims of ineffective assistance do not automatically relieve him of his waivers. See United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002) (an ineffective assistance claim survives a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself"). In White, the Court decided there was "no need to except ineffective assistance of counsel claims from the general rule allowing defendants to waive their statutory rights so that they can reach a plea agreement if they wish. The Sixth Amendment right to effective assistance of counsel may also be waived, and thus need not be treated any differently." Id. at 343 (internal citations omitted).

McClain's prayer for relief and his attachment do not request that his plea agreement be vacated, but instead request that his sentence be corrected and that his sentence be vacated to time served.

The record of McClain's rearraignment confirms that he understood the charges against him, understood that his maximum sentence was 40 years and he understood that he was waiving his right to appeal his sentence or to file a post-conviction motion to vacate. D.E. 59.

McClain's sworn statements in open court are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). McClain's sworn statements preclude the relief he seeks here. He was not coerced, he understood the charges against

him, he understood the trial rights he was giving up, he understood the possible maximum sentence he faced, and understood the waiver of his appellate and post-conviction rights.  Because McClain's waiver was knowing and voluntary, he gave up the rights he now seeks to assert. The Court does not reach the merits of McClain's claims because they fall within the scope of his waiver. See United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights).

**D.      Alleged Failure to Object to Special Skill or to Argue Minor or Minimal Role**

Even if McClain had not given up his right to challenge his conviction, his claim that his counsel was ineffective for failing to urge a downward departure based upon minor role would fail. Counsel filed and argued an objection on minor role which was overruled by this Court. D.E.63 at 24.

Similarly, counsel argued for removal of points assessed for special skill. The objection was overruled. Id. at 20. Counsel was not ineffective. This claim fails both by waiver and on the merits.

**E.      Claim that Counsel Failed to Advise McClain of His Sentencing Exposure**

McClain  claims that counsel failed to advise him of his maximum sentence,  but does not state what sentence counsel told him he was likely to receive. At rearraignment, McClain was informed of the charges against him and his  sentence of 5 years to 40 years, supervised release, fines, and a special assessment before he plead guilty. D.E. 59 at 19. McClain testified that he understood. Id.  Even if counsel incorrectly advised McClain, which this Court does not decide, there can be no prejudice because the Court advised McClain of his sentencing exposure before his guilty plea. See Armstead, 37 F.3d at 210 ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"). Even if this claim had not been waived by his plea agreement, it fails on the merits.

8

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although McClain has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

9

Based on the above standards, the Court concludes that McClain is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. <u>See</u> <u>Jones</u>, 287 F.3d at 329.

## VI.  CONCLUSION

For the foregoing reasons, the government's motion for leave (D.E. 65) is GRANTED, McClain's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E.51) is DENIED. He is also denied a Certificate of Appealability.

It is so **ORDERED.**

**SIGNED** on this 30th day of September, 2011.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE